UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:22-CR-132 |
| Plaintiff, | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| vs. | : | |
| BENJAMIN EDWARD LUCAS, | : | |
| Defendant. | : | |

_____

**ORDER**
_____

This matter is before the Court on Defendant's Motion for Pretrial Release and Request for Hearing ("Motion") (Doc. #39). The Motion was subsequently referred to the undersigned by District Judge Newman for hearing and decision. (Doc. #40). Accordingly, following a plea hearing held on January 10, 2024, the undersigned also addressed Defendant's Motion. Defendant and his counsel, Kyle J. Lennen, were present during the hearing. Assistant United States Attorney Dwight K. Keller appeared for the Government and opposed Defendant's Motion. The Court also reviewed the report prepared by Pretrial Services.

In his Motion, Defendant requests that the Court release him from pretrial custody and put him on house arrest for the remainder of this litigation. (Doc. #39, *PageID* #114). According to Defendant, house arrest is the least restrictive means which can assure that he appears at future court dates. *Id*. Additionally, Defendant states that a bond condition of house arrest would alleviate any concern that he may reoffend. *Id*.

Prior to the Court addressing Defendant's Motion, Defendant entered a plea of guilty to knowingly and intentionally conspiring together with other individuals, both known and unknown to the Grand Jury, to knowingly and intentionally possessing with intent to distribute and to distribute

50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(l) and (b)(l)(B)(viii).  (Doc. #44). The undersigned issued a Report and Recommendation recommending that District Judge Newman accept Defendant's guilty plea, which is currently pending. (Doc. #46). Thus, since Defendant's guilty plea has not yet been accepted by the District Judge, the standard for pretrial detention set forth in 18 U.S.C. § 3142 applies instead of the standard set forth in 18 U.S.C. § 3143(a) for detention pending sentence. *See* 18 U.S.C. § 3143(a) (governing the release or detention of "a person *who has been found guilty* of an offense and who is awaiting imposition or execution of sentence[.]" (emphasis added)).

When deciding a motion for pretrial detention, the Court must consider the existence of any presumption of detention arises under 18 U.S.C. § 3142(e)(3) or (f)(1) and, if so, whether it has been rebutted. The Court must also consider available information concerning: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence of dangerousness, *U.S. v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010); (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

After consideration of the arguments, Defendant's criminal history, the record in this case, and the factors set forth in 18 U.S.C. § 3142, the Court finds that the Government has proven by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's appearance as required and by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community. Specifically, the Court relies on Defendant's prior criminal history; his history of violence and

weapons; his prior violations of conditions of probation, parole, or supervised release previously imposed by a court; and the fact that he faces a lengthy period of incarceration if his plea is accepted.

Therefore, Defendant's Motion (Doc. #39) is **DENIED**.

Accordingly, it is hereby **ORDERED** that:

1. The Defendant be committed to the custody of the Attorney General of the United States for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The Defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On Order of a Court of the United States, or upon request of an attorney for the United States, the person in charge of the facility in which the Defendant is confined deliver the Defendant to a United States Marshal or his deputy for the purpose of an appearance in connection with a court proceeding.

Defendants who appeal to a United States District Judge from this Order must, at the same time as filing the appeal, order a transcript of the bond hearing.

**IT IS SO ORDERED.**

January 11, 2024                      *s/Peter B. Silvain, Jr.*
                                                  Peter B. Silvain, Jr.
                                                  United States Magistrate Judge