UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,                                  Case No. 3:22-cr-132

vs.

BENJAMIN EDWARD LUCAS,         District Judge Michael J. Newman

    Defendant.

_____

**ORDER: (1) REQUIRING DEFENDANT'S COUNSEL TO FILE A NOTICE, BY JUNE 7, 2024, INDICATING WHETHER OR NOT DEFENDANT DISPUTES THE PSR'S STATEMENT THAT "[O]N MARCH 3, 2022, [DEFENDANT] MAILED A PACKAGE…, [AND] INVESTIGATORS INTERCEPTED THE PACKAGE AND DETERMINED IT CONTAINED 4,467 GRAMS OF METHAMPHETAMINE"; AND (2) REQUIRING THE GOVERNMENT TO FILE A RESPONSE TO DEFENDANT'S NOTICE BY JUNE 21, 2024**

_____

Previously in this felony criminal case, Defendant entered a plea of guilty to "knowingly and intentionally conspiring to possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine …."  Doc. No. 44 at PageID 123. The case is before the Court for review of the PSR, including Defendant's objections, the Government's response, and the probation officer's response.  Doc. No. 51 at PageID 220-23.

Defendant's first objection to the PSR focuses on its calculation of his total offense level at 33.  Defendant contends, "The base offense for the charge which he pled guilty to would be 24…," and his total offense level would be 21.  *Id*. at PageID 220.

The PSR's calculation of Defendant's total offense level at 33 is based, in part, on the following relevant conduct: "[O]n March 3, 2022, [Defendant] mailed a package …. Investigators intercepted the package and determined it contained 4,467 grams of methamphetamine."  Doc. No. 51 at PageID 188, 222.  Defendant does not specifically state in his objections whether or not he disputes these factual assertions in the PSR.  *See id*. at 220.

This Court may not rely on disputed facts contained in a PSR. *United States v. Treadway*, 328 F.3d 878, 886 (6th Cir. 2003) ("[R]eliance on the PSR is insufficient when the facts are in dispute"); *see* Fed. R. Crim. P. 32(i)(1)(B) ("At sentencing, the Court … must--for any disputed portion of the presentence report or other controverted matter--rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing"). In light of this authority, and to resolve Defendant's first objection to the PSR, it is necessary for the Court to determine whether or not he disputes the PSR's statement that "[o]n March 3, 2022, [Defendant] mailed a package …. Investigators intercepted the package and determined it contained 4,467 grams of methamphetamine." Doc. No. 51 at PageID 188, 222.

Accordingly, the Court **ORDERS** (1) Defendant's counsel to **FILE** a **NOTICE**, **by June 7, 2024**, indicating whether or not Defendant disputes the PSR's statement that "[o]n March 3, 2022, [Defendant] mailed a package …. Investigators intercepted the package and determined it contained 4,467 grams of methamphetamine"; and (2) the Government to **FILE** a response to Defendant's Notice **by June 21, 2024**.[1]

**IT IS SO ORDERED.**

May 23, 2024                          s/*Michael J. Newman*
                                                           Hon. Michael J. Newman
                                                           United States District Judge

---

[1] Defendant also raises an objection (his second) to the PSR's recommendation against voluntarily surrender. Doc. No. 51 at PageID 222-23. The Government "offered no response to this objection." *Id*. at PageID 222. The parties remain free to further address Defendant's second objection, if they so choose, in their respective responses to this Order.