UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:22-cr-132 |
| Plaintiff, | : | |
| vs. | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| BENJAMIN EDWARD LUCAS, | : | |
| Defendant. | : | |

# ORDER

This criminal case is before the Court on Defendant Benjamin Edward Lucas' Motion for Release of Defendant Pending Sentence (Doc. #50) and the Government's Response (Doc. #53). The Motion was subsequently referred to the undersigned by District Judge Newman for consideration, hearing, and decision. (Doc. #52). On May 23, 2024, the undersigned held a hearing on Defendant's Motion. Defendant and his counsel, Kyle J. Lennen, were present during the hearing. Assistant United States Attorney Dwight K. Keller appeared for the Government and opposed Defendant's Motion. The Court also reviewed the reports prepared by Pretrial Services.

Defendant, after pleading guilty, now seeks release from detention while he is awaiting his sentence. (Doc. #50, *PageID* #178). Defendant asserts that he has a home where he can remain on house arrest, and "[a]ny concern for his return to court can be cured by an electronic monitor while being on house arrest." *Id.* Defendant indicates that he has a four-year-old son with special needs that he wants to see and spend time with prior to sentencing. *Id.* These arguments were reiterated by Defendant's counsel at the hearing.

The Government opposes Defendant's Motion. (Doc. #53). In its Response, the Government asserts, "the 4,467 grams of methamphetamine represents a massive 'distribution quantity' of an extremely dangerous, and illicit narcotic that alone, poses a clear and present danger to the community at large." *Id.* at 227. Further, the Government intends to recommend imposition of the negotiated 9-year sentence as set forth in the plea agreement. *Id.* Finally, the Government contends that release from detention is unwarranted based on Defendant's prior convictions for assault, drug possession, public disorder offenses, domestic violence, aggravated robbery, and traffic offenses. *Id.* At the hearing, Mr. Keller indicated that the Government stands on its written Response to Defendant's Motion.

Previously in this case, Defendant entered a plea of guilty to knowingly and intentionally conspiring together with other individuals, both known and unknown to the Grand Jury, to knowingly and intentionally possessing with intent to distribute and to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(l) and (b)(l)(B)(viii), all in violation of 21 U.S.C. § 846. (Doc. #28). The undersigned issued a Report and Recommendation recommending that District Judge Newman accept Defendant's guilty plea. (Doc. #46). On March 26, 2024, District Judge Newman adopted the Report and Recommendation. (Doc. #49).

Once a criminal defendant pleads guilty and is "awaiting imposition or execution of sentence," the Court must detain the defendant unless it finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ." 18 U.S.C. § 3143(a)(1); *see* 18 U.S.C. § 3143(a)(2).

In the instant case, the Court has carefully considered Defendant's Motion, the Government's Response, the entire case record, and counsel's arguments. Although the Court

2

certainly understands Defendant's wish to spend time with his son, § 3143(a) mandates continuing Defendant's detention because the clear and convincing evidence fails to show he "is not likely to flee or pose a danger to any other person or the community." *United States v. Allen*, No. 1:19-cr-647, 2021 WL 4060372, at *1 (N.D. Ohio Sept. 7, 2021).  Specifically, the Court relies on Defendant's prior criminal history; his history of violence and weapons; his prior violations of conditions of probation, parole, or supervised release previously imposed by a court; and the fact that he faces a lengthy period of incarceration.

Accordingly, Defendant's Motion for Release of Defendant Pending Sentence (Doc. #50) is **DENIED**.

**IT IS SO ORDERED.**

May 23, 2024                                                              *s/Peter B. Silvain, Jr.*
                                                                                           Peter B. Silvain, Jr.
                                                                                           United States Magistrate Judge